**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 6, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

KEVIN CARTER; STACEE CARTER;
LOUIS CARTER,

      Plaintiffs–Appellants,

v.

LIEUTENANT STEVEN KIRK;
TROOPER JOE LANG,

      Defendants–Appellees.

No. 10-6107
(D.C. No. 5:09-CV-00333-F)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **McKAY**, and **GORSUCH**, Circuit Judges.

---

Kevin, Stacee, and Louis Carter appeal the district court's grant of summary

judgment in favor of defendants Joe Lang and Steven Kirk. Exercising jurisdiction under

28 U.S.C. § 1291, we affirm.

**I**

The parties are familiar with the facts of this case, which we need not recite here.

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 32.1.

After the Carters' cattle were impounded, they brought this § 1983 suit against Lang and Kirk. The district court dismissed most of the Carters' claims, concluding that Lang and Kirk were entitled to qualified immunity.

## II

We review the grant of summary judgment de novo. Hobbs ex rel. Hobbs v. Zenderman, 579 F.3d 1171, 1179 (10th Cir. 2009). To overcome qualified immunity, plaintiffs must show: "(1) the defendant violated a constitutional right, and (2) the right was clearly established at the time of the alleged unlawful activity." Lundstrom v. Romero, 616 F.3d 1108, 1118 (10th Cir. 2010) (citation omitted). We will assume that defendants' seizure of the Carters' cattle violated the Fourth Amendment and proceed to the "clearly established" prong of the qualified immunity inquiry.[1] See Pearson v. Callahan, 121 S. Ct. 808, 818 (2009). "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." Zia Trust Co. ex rel. Causey v. Montoya, 597 F.3d 1150, 1155 (10th Cir. 2010) (quotation omitted).

It is well-established that a warrantless seizure is presumptively unreasonable. See

_____

[1] Although the district court decided the qualified immunity issue on the first prong, "[w]e are free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court." United States v. Sandoval, 29 F.3d 537, 542 n.6 (10th Cir. 1994) (quotation omitted).

<u>Pleasant v. Lovell</u>, 876 F. 2d 787, 795-96 (10th Cir. 1989). But one exception to the warrant requirement is the "community caretaking function," which applies to certain police actions that are "totally divorced from the detection, investigation, or acquisition of evidence relating to the violation of a criminal statute." <u>Cady v. Dombrowski</u>, 413 U.S. 433, 441 (1973). Although this exception is most often applied to vehicle seizures, we have applied it to the seizure of individuals as well. <u>See</u> <u>United States v. Garner</u>, 416 F.3d 1208, 1212-14 (10th Cir. 2005).

We have not applied the exception in situations involving police entry onto private property, and we agree that such a distinction is salient, but conclude livestock presents unique considerations because of its status as a "fugitive resource" capable of escaping from private property. <u>See</u> Carol Rose, <u>Possession as the Origin of Property</u>, 52 U. Chi. L. Rev. 73, 75, 84 n.46 (1985) (describing the unique legal challenges of "fugitive resources"). The Carters' cattle posed a threat to community safety because they had the ability and a demonstrated propensity to leave the Carters' land.

Because the community caretaking function has not been explicitly limited to automobiles or seizures occurring on public property, and because of the unique ability of livestock to cause harm even when temporarily located on private property, we conclude that Lang and Kirk were properly granted qualified immunity.[2] Although we do not hold

---

[2] The Carters also appeal a jury instruction stating that the defendants were not liable for seizing cattle that had access to a highway. Because we affirm the district court's conclusion on that score, the jury instruction argument necessarily fails.

that the search was permissible under the community caretaking function, the contours of that exception as applied to wandering livestock are insufficiently defined to make the alleged illegality of the seizure plain to a reasonable officer.  See Mimics, Inc. v. Village of Angel Fire, 394 F.3d 836, 842 (10th Cir. 2005).

### III

**AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge